UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE EKBLAD (F/N/A NICOLE
MARIE MILLER),

      Plaintiff,                         Case No.:  1:22-CV-00584

v.                                     Hon. Hala Y. Jarbou

ALLEGAN PUBLIC SCHOOL DISTRICT
A/K/A ALLEGAN PUBLIC SCHOOLS, JAMES
BAIRD, WILLIAM HAMMER, KEVEN
HARNESS, JIM MALLARD and GARY ELLIS,
individually and in their official capacities,

      Defendants.
_____/

| | |
|---|---|
| Parker G. Stinar (P75252)<br>WAHLBERG - WOODRUFF<br>Attorneys for Plaintiff<br>4601 DTC Boulevard, Suite 950<br>Denver, CO 80237<br>(303) 571-5302<br>parker@denvertriallawyers.com | Craig R. Noland (P30717)<br>Bogomir Rajsic, III (P79191)<br>McGRAW MORRIS P.C.<br>Attorneys for Defendant James Baird<br>300 Ottawa Avenue, NW, Suite 820<br>Grand Rapids, MI  49503<br>(616) 288-3700/Fax (616) 214-7712<br>cnoland@mcgrawmorris.com<br>brajsic@mcgrawmorris.com |
| Vernon R. Johnson (P39219)<br>Jeffrey T. Stewart (P24138)<br>JOHNSON LAW PLC<br>Attorneys for Plaintiff<br>Buhl Bldg- 535 Griswold St., Ste. 2632<br>Detroit, MI 48226<br>(313) 324-8300<br>vjohnson@venjohnsonlaw.com<br>jstewart@venjohnsonlaw.com | Mark T. Ostrowski (P49761)<br>Jessica M. Stark (P80647)<br>KLUCZYNSKI, GIRTS & VOGELZANG<br>Attorneys for Defs. Allegan Public Schools,<br>  William Hammer, Kevin Harness, Jim Mallard<br>  and Gary Ellis<br>3033 Orchard Vista Drive, SE, Suite 308<br>Grand Rapids, MI 49546<br>(616) 559-8649<br>marko@kgvlaw.com<br>jesstark@kgvlaw.com |

## BRIEF IN SUPPORT OF DEFENDANT JAMES BAIRD'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

### ORAL ARGUMENT REQUESTED

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii
I.     INTRODUCTION ............................................................................... 1
II.    RELEVANT ALLEGATIONS FROM PLAINTIFF'S COMPLAINT ............................. 3
LAW AND ARGUMENT ............................................................................................ 5
III.   STANDARD OF REVIEW ....................................................................... 5
IV.   THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS BECAUSE THEY ARE
       BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS. ............................ 6
  A.  Determining the Appropriate Statute of Limitations ................................. 6
  B.  Plaintiff's Claims Accrued No Later than March, 2010. ............................. 8
    1.  Accrual for Plaintiff's Federal Claims ................................................ 8
    2.  Accrual for Plaintiff's State-Law Claims ........................................... 10
  C.  Michigan's Criminal Sexual Conduct Statute of Limitations Does Not Save Plaintiff's
    Claims. ....................................................................................... 12
V.    CONCLUSION AND RELIEF REQUESTED ............................................. 18

i

TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................... 5

*Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 118 S.Ct. 542 (1997 ........................................................................................................ 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................................... 5

*Bell v. CSX Transp., Inc.*, 172 F. Supp. 2d 933 (E.D. Mich. 2001) ............................... 8

*Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) ...................................... 7, 13

*Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 428, 85 S. Ct. 1050, 1054, 13 L. Ed. 2d 941 (1965) .................................................................................................................... 6, 17

*Cataldo v. U.S. Steel Corp.*, 676 F.3d 542 (6th Cir.2012) ............................................ 5

*Conlin v. Blanchard*, 890 F.2d 811 (6th Cir. 1989) .................................................. 2, 12

*Connelly v. Paul Ruddy's Equip. Repair & Serv. Co.*, 388 Mich. 146; 200 N.W.2d 70 (1972) ... 12

*Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007) .................................................... 2, 9

*D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014) .................................................. 10

*Dabish v. McMahon*, 818 Fed. Appx. 423 (6th Cir. 2020) ........................................ 2, 12

*Davis v. State Employees' Ret. Bd.*, 272 Mich. App. 151; 725 N.W.2d 56 (2006) ............... 3, 14

*Dibrell v. City of Knoxville*, 984 F.3d 1156 (6th Cir.2021) .......................................... 9

*Doe v. Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich. App. 632; 692 N.W.2d 398 (2004) ........................................................................................................ 8

*Edison v. State of Tenn. Dept. of Children's Servs.* 510 F.3d 361 (6th Cir.2007) ............... 9

*Forrester v. Clarenceville School District*, 537 F.Supp.3d 944 (E.D. Mich.2021) ............... 13

*Frank v. Linkner*, 500 Mich. 133; 894 N.W.2d 574 (2017) ........................................... 11

*Frazier v. Michigan*, 41 Fed. Appx. 762 (6th Cir.2002) ................................................ 5

*Garg v. Macomb Cnty. Cmty. Health Servs.*, 472 Mich. 263; 696 N.W.2d 646, 657 (2005) ....... 11

*Garza v. Lansing Sch. Dist.*, 972 F.3d 853 (6th Cir.2020) ........................................... 7

*Harrison v. Michigan*, 722 F.3d 768 (6th Cir.2013) ..................................................... 7

*Henry v. Dow Chem. Co.*, 501 Mich. 965; 905 N.W.2d 601 (2018) ............................... 11

*Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838 (6th Cir.2015) ...................... 9

*Jones v. Bock*, 549 U.S. 199 (2007) ........................................................................... 5

*Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir.1997) ..................... 9

*LaFontaine Saline Inc. v. Chrysler Group LLC*, 496 Mich. 26; 852 N.W.2d 78 (2014) . 15, 17, 18

*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523 (6th Cir.2007) ................ 9

*Major v. Vill. of Newberry*, 316 Mich. App. 527; 892 N.W.2d 402 (2016) ....................... 8

*McDonough v. Smith*, ___ U.S. ___, 139 S. Ct. 2149 (2019) ......................................... 9

*Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005) .................................................... 5

*Ord. of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 64 S. Ct. 582, 88 L.Ed. 788 (1944) ........................................................................................................................ 6

*Owens v. Okure*, 488 U.S. 235, 109 S. Ct. 573, 102 L.Ed. 2d 594 (1989) ..................... 7, 13

*Stephens v. Worden Ins. Agency, LLC*, 307 Mich. App. 220; 859 N.W.2d 723 (2014) ......... 11

*Trentadue v. Buckler Lawn Sprinkler*, 479 Mich. 378; 738 N.W.2d 664, (2007) .............. 2, 11

*Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091 (2007) ............................................... 8

**Statutes**

2018 Mich. Legis. Serv. P.A. 183 (S.B. 872) .................................................. 14

42 U.S.C. § 1983 ................................................................................................... 7

MCL 600.5805(10) ............................................................................................... 7

MCL 600.5805(2) ...................................................................................... 7, 8, 11

MCL 600.5805(3) ........................................................................................... 8, 11

MCL 600.5827 ............................................................................................... 11, 12

MCL 600.5851b ............................................................................................. *passim*

MCL 600.5851b(1) ........................................................................................ 12, 15

MCL 600.5851b(3) .................................................................................. 14, 16, 18

**Other Authorities**

*Nassar-Inspired Laws Give Childhood Sexual Assault Victims More Time to Come Forward*,
    MLive, June 12, 2018, https://www.mlive.com/news/2018/06/nassar-
    inspired_laws_give_chil.html ...................................................................... 16

**Rules**

Fed. R. Civ. P. 8 .................................................................................................... 5

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 3, 5

## I.    **INTRODUCTION**

Plaintiff, Nicole Ekblad ("Plaintiff"), alleges she was sexually harassed by Defendant, James Baird, while she was a student at Allegan High School.  As alleged against Defendant Baird, Plaintiff asserts the following claims: (1) Count I – Substantive Due Process Violation of Constitutional Rights Under the Fourteenth Amendment of the United States Constitution Pursuant to 42 U.S.C. § 1983; (2) Count II – Equal Protection Violation of Constitutional Rights Under the Fourteenth Amendment of the United States Constitution Pursuant to 42 U.S.C. § 1983; (3) Count IV – Gross Negligence/Willful and Wanton Misconduct; (4) Count V – Battery; (5) Count VI – Assault; (6) Count VII – Intentional Infliction of Emotional Distress; (7) Count VIII – Elliott-Larsen Civil Rights Act (MCL 37.2101 *et seq.*); and (8) Count IX – Failure to Report Child Abuse. (ECF No. 1, Plaintiff's Complaint).

Plaintiff's Complaint was filed on June 23, 2022.  (*Id.*).  Generally speaking, Plaintiff alleges that Defendant Baird sexually harassed her over a period from 2008 to early 2010.  (ECF No. 1; PageID.9-12, Plaintiff's Complaint ¶¶ 40-53).  Plaintiff asserts that she resigned from her position as a manager for the Allegan High School men's swimming team at the conclusion of the season in order to avoid further sexual harassment from Defendant Baird. Defendant Baird resigned his employment with Allegan Public Schools by no later than March, 2010.

The Court should dismiss Plaintiff's Complaint because her claims are barred by the relevant statutes of limitations governing the federal and state-law claims. The gravamen of Plaintiff's claims against Defendant Baird is that he sexually harassed her over a period from 2008 until – at the latest – March, 2010. While Plaintiff asserts several different theories against Defendant Baird, Plaintiff's alleged injuries arise from Defendant Baird's alleged sexual harassment over a decade ago.  Under federal and state law, Plaintiff's claims accrued by no later

1

than March, 2010.  Except for Plaintiff's assault and battery claims (which are subject to a two-year statute of limitations), Plaintiff's claims must have been filed within three years or they are time barred. Plaintiff did not file suit until June 23, 2022 – years after the statute of limitations expired.

Based on Plaintiff's response to co-defendants' Motion to Dismiss (ECF No. 10), Plaintiff attempts to avoid this by arguing that her claims did not accrue until 2021. This argument is not availing under either federal or state law. At the outset, Michigan does not recognize any sort of discovery rule. *See Trentadue v. Buckler Lawn Sprinkler*, 479 Mich. 378; 738 N.W.2d 664, 672 (2007).  While the Sixth Circuit has historically applied the discovery rule to claim accrual in the § 1983 context (despite admonitions from the Supreme Court to the contrary), that rule does not save Plaintiff's claims. "[A]s developed in this Circuit, the statute of limitations period begins to run [for § 1983 claims] when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). Plaintiff knew or should have known of the basis for her injury by no later than March, 2010. Nevertheless, she did not file suit for over 12 years.

MCL 600.5851b (Michigan's extended statute of limitations for cases involving criminal sexual conduct that was adopted in 2018) does not alter the analysis. First, MCL 600.5851b does not apply to Plaintiff's federal claims. The statute of limitations for § 1983 claims is governed by Michigan's general three-year statute of limitations applicable to personal injury actions.  *See, e.g.*, *Conlin v. Blanchard*, 890 F.2d 811, 815 (6th Cir. 1989); *Dabish v. McMahon*, 818 Fed. Appx. 423, 427 (6th Cir. 2020). Finally, Michigan law does not support that MCL 600.5851b would apply retroactively. Under Michigan law, statutes of limitation "operate **prospectively only** unless the legislation clearly manifests an intent to the contrary" in "clear, direct, and unequivocal language."

*Davis v. State Employees' Ret. Bd.*, 272 Mich. App. 151, 155-156, 161; 725 N.W.2d 56 (2006). The Michigan Legislature did not clearly manifest the intent for the statute to be applied retroactively to all claims.

Plaintiff's claims are time barred and should be dismissed as Plaintiff has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## II.    RELEVANT ALLEGATIONS FROM PLAINTIFF'S COMPLAINT

Plaintiff alleges that Defendant Baird was employed by Allegan Public Schools from 2005 to 2010.  (ECF No. 1, PageID.5-6). Between 2006 and 2008, Plaintiff participated in the Allegan swim club. Defendant Baird was her swim instructor.  (ECF No. 1, PageID.8-9). In 2008, Plaintiff began her freshman year at Allegan High School. (ECF No. 1, PageID.9). At this point, she joined the women's swim team.  (*Id.*).

During her freshman and sophomore year, Plaintiff alleges Defendant Baird was employed by Allegan Public Schools as the coach of the men's high school swim team, and he eventually became the Director of the Aquatic Center at Allegan High School. (ECF No. 1, PageID.9). Defendant Baird offered Plaintiff a position as team manager of the men's high school swim team. Plaintiff accepted the position and began during her freshman year.  (*Id.*).

Plaintiff alleges that between 2008 and 2009, during her first year as manager, Defendant Baird allegedly harassed her and engaged in inappropriate sexual conduct. (ECF No. 1, PageID.10). During Plaintiff's sophomore year, between 2009 and 2010, Plaintiff became a swim instructor and lifeguard at the Aquatics Center in addition to her managerial duties for the men's swim team.  (*Id.*). Plaintiff alleges Defendant Baird continued to sexually harass her in 2009 and 2010.  (*Id.* at PageID.10-11).

Specifically, Plaintiff alleges that between 2009 and 2010 Defendant Baird's allegedly harassing and inappropriate behaviors intensified. (*Id.*). When she was alone with Defendant Baird, he would allegedly tell her that he liked her, liked spending time alone with her, that he would date her if she was older, and would share unwanted details with Plaintiff about his romantic relationship with his girlfriend. (*Id.* at PageID.10). During that time period, Defendant Baird would allegedly inappropriately hug Plaintiff and attempt to kiss her.  (*Id.*).  Plaintiff was allegedly forced to resist Defendant Baird's alleged continual sexual advances. She claims she felt uncomfortable, unprotected, and sexually harassed. (*Id.*).

In early 2010, Plaintiff attended the boys' state swim meet as the team's manager. (*Id.*). She rode with the team and Defendant Baird to the meet in a limousine. (*Id.*). During the trip, Plaintiff alleges that Defendant Baird laid his head on her shoulder inappropriately and in such a fashion that he could look down her shirt. (*Id.* at PageID.10-11). During the swim meet, Defendant Baird allegedly attempted to kiss Plaintiff while they were alone and touched her inappropriately. (*Id.* at PageID.11).

At some point after the state swim meet, Plaintiff rode in a car with Defendant Baird to purchase awards for the end of the year ceremony. While in the car, Defendant Baird allegedly held Plaintiff's hand and rubbed her thigh inappropriately.  (*Id.*).

Plaintiff alleges she felt extremely awkward and uncomfortable around Defendant Baird. She claims she did not know how to handle his sexual harassment and inappropriate behaviors. She ultimately decided to resign from her position as team manager to avoid continued sexual harassment.  (*Id.* at PageID.11-12).

Defendant Baird's employment with Allegan Public Schools came to a conclusion "[t]oward the end of March 2010". (*Id.* at PageID.12).

## LAW AND ARGUMENT

### III. STANDARD OF REVIEW

A claim may be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Under Fed. R. Civ. P. 8, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim, the complaint must contain allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005). Conclusory allegations or legal conclusions which masquerade as factual allegations do not suffice. A complaint "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555–56). A complaint may not merely state "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 570. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Moreover, "[t]he court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir.2002) (collecting cases; internal citations omitted).

When the allegations in the complaint affirmatively show that the claim is time-barred, dismissing the claim under Rule 12(b)(6) is appropriate. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir.2012), citing *Jones v. Bock,* 549 U.S. 199, 215 (2007) ("If the allegations ... show that

relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for

failure to state a claim[.]").

## IV.     THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS BECAUSE THEY ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS.

> Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them."

*Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 428, 85 S. Ct. 1050, 1054, 13 L. Ed. 2d 941 (1965)

(quoting *Ord. of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348–49, 64 S. Ct. 582,

586, 88 L.Ed. 788 (1944)).

Plaintiff's claims concern events which are alleged to have occurred well over a decade

ago while she was a manager of the high school swim team and while Defendant Baird was still

employed by Allegan Public Schools. However, Plaintiff has long since graduated from Allegan

High School – in fact, she graduated nearly a decade ago. Moreover, Defendant Baird has long

since resigned his employment. Plaintiff's claims have been left to "slumber", as the Supreme

Court described, and, in doing so, "evidence has been lost [and] memories have faded".  *Id.*

Accepting Plaintiff's allegations as true – which is required in the pre-answer motion phase

– over a decade has passed since the last alleged misconduct by Defendant Baird. Under **any**

theory, Plaintiff's claims are untimely and must be dismissed in their entirety.

### A.  Determining the Appropriate Statute of Limitations

The first question to address is the statute of limitation applicable to each of Plaintiff's

claims. Determining the appropriate statute of limitation for each claim is unlikely to be a difficult

endeavor or result in contention between the parties. Plaintiff's claims in Count I (Substantive Due

Process – § 1983), Count II (Equal Protection – § 1983, Count IV (Gross Negligence/Willful and Wanton Misconduct), Count VII (Intentional Infliction of Emotional Distress), Count VIII (ELCRA – MCL 37.2101, *et seq.*), and Count IX (Failure to Report Child Abuse) are all covered by Michigan's general three-year statute of limitations.

In cases brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), "state law determines which statute of limitations applies," while "federal law determines when the statutory period begins to run." *Harrison v. Michigan*, 722 F.3d 768, 772–73 (6th Cir.2013). Sixth Circuit precedent makes clear that Michigan's three-year statute of limitations for injuries to persons or property applies to claims brought under Section 1983. *Garza v. Lansing Sch. Dist.*, 972 F.3d 853 (6th Cir.2020). This is true even where a state, like Michigan, may have multiple different statutes of limitations for different torts. *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) ("…when a state … has multiple statutes of limitation for personal injury actions, the appropriate state statute of limitations to borrow for claims brought under 42 U.S.C. § 1983 is the residual or general personal injury statute of limitations, not any statute of limitations for specific intentional torts."), citing *Owens v. Okure*, 488 U.S. 235, 109 S. Ct. 573, 102 L.Ed. 2d 594 (1989).

Plaintiff's § 1983 claims in Count I and Count II are, therefore, subject to a three-year statute of limitation.

Except for Plaintiff's assault and battery claims, Plaintiff's state-law claims are subject to a three-year statute of limitations. Michigan law provides that for any action to recover damages for injury to a person or property a three-year statute of limitations applies. *See* MCL 600.5805(2).[1] This includes Plaintiff's claims in:

---

[1] At the time Plaintiff's claims accrued, the general or residual statute of limitation that is presently codified at MCL 600.5805(2) was codified as MCL 600.5805(10).

- Count IV for alleged gross negligence, *see* MCL 600.5805(2), which applies to any claim seeking recovery of damages for personal injury ;

- Count VII for alleged intentional infliction of emotional distress, *see* MCL 600.5805(2); *Doe v. Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich. App. 632, 639; 692 N.W.2d 398 (2004);

- Count VIII for alleged violation of Michigan's Elliott-Larsen Civil Rights Act, *Major v. Vill. of Newberry*, 316 Mich. App. 527, 534; 892 N.W.2d 402, 410 (2016); *Bell v. CSX Transp., Inc.*, 172 F. Supp. 2d 933 (E.D. Mich. 2001),

- Count IX for alleged failure to report child abuse, *see* MCL 600.5805(2), which applies to any claim seeking recovery of damages for personal injury.

Plaintiff's claims for assault and battery are subject to a two year statute of limitations.  *See* MCL 600.5805(3).[2]

**B.  Plaintiff's Claims Accrued No Later than March, 2010.**

The contested issue in this case is when Plaintiff's claims accrued. Different standards for claim accrual apply under state and federal law. Nevertheless, under both state and federal law, Plaintiff's claims accrued nearly a decade before she filed suit and years beyond even the most generous statute of limitations.

**1.  Accrual for Plaintiff's Federal Claims**

While state law – in this case Michigan – controls the length of the limitations period, federal law determines the event that causes the one-year clock to start running (i.e., the "accrual date"). *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091 (2007). The Supreme Court has previously warned that in the § 1983 context the accrual date is the first day that a plaintiff may sue on a claim, which occurs once the plaintiff has "a complete and present cause of action[.]" *Id.* (*quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S.

---

[2] Prior to June 12, 2018, the assault and battery claims were subject to MCL 600.5805(2) which provided: "Subject to subsections (3) and (4), the period of limitations is 2 years for an action charging assault, battery, or false imprisonment."

192, 201, 118 S. Ct. 542 (1997)); *McDonough v. Smith*, ___ U.S. ____, 139 S. Ct. 2149, 2155 (2019).

The Sixth Circuit, in apparent disregard for the Supreme Court's repeated warnings to the contrary, applies a "discovery rule" to § 1983 claims. *See, e.g.*, *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir.2015). "[A]s developed in this Circuit, the statute of limitations period begins to run [for § 1983 claims] when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir.2007).  The Sixth Circuit recently recognized its divergence from the Supreme Court's admonitions:

> The "standard" accrual "rule" for federal claims starts the limitations period "when the plaintiff has a complete and present cause of action" that can be raised in court. The Supreme Court has contrasted [the] "standard" rule with a "discovery" rule that ties the start of the limitations period to when the plaintiff discovered (or should have discovered) the cause of action. ... In this § 1983 context, the Court has started its accrual analysis with the standard rule: that a claim accrues when the plaintiff has a complete cause of action.  Our § 1983 case law, by contrast, has started the accrual analysis with the competing discovery rule: that the claim accrues when the plaintiff knows of, or should have known of, that cause of action.

*Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir.2021). The *Dibrell* panel, however, declined to "resolve this tension" because the claims at issue were barred even if the discovery rule were applied. *Id.*

"'[I]n determining when the cause of action accrues in section 1983 actions, we have looked to what events should have alerted the typical lay person to protect his or her rights." *Edison v. State of Tenn. Dept. of Children's Servs.* 510 F.3d 361, 635 (6th Cir.2007) (quoting *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520 (6th Cir.1997)).

In the present case, Plaintiff knew, or should have known, of her injuries by no later than March, 2010. The allegations in Plaintiff's Complaint demonstrate what she alleges to be a series

of sexually harassing events from 2008 to 2010. Plaintiff alleges in her Complaint that at the time these events allegedly unfolded she concluded they were inappropriate in nature. As she alleges, the claimed events made her feel "uncomfortable, unprotected, and sexually harassed." (Complaint at p. 10, ¶48). Her Complaint lays out a clear set of alleged actions that would have led a typical lay person to protect his or her rights:

- During the state swim meet, Defendant Baird allegedly "attempted to kiss" Plaintiff, "continued to make inappropriate comments about a relationship with [Plaintiff]", and touched her "inappropriately." (Plaintiff's Complaint, ECF No. 1, PageID.11).

- After the state swim meet in early 2010, Plaintiff allegedly rode with Defendant Baird in his car to the store to purchase awards from an awards ceremony. During the car ride, Defendant Baird allegedly "held her hand and groped and rubbed her inner thigh inappropriately." (*Id.*).

- Plaintiff alleges that she "felt extremely uncomfortable and awkward around Defendant Baird, and she did not know how to handle the sexual harassment and inappropriate behaviors and comments." (*Id.*).

- As a result, Plaintiff alleges, "She decided she would resign at the end of the year to avoid further sexual harassment." (*Id.*).

Based on the allegations in Plaintiff's Complaint, by no later than "early 2010" she was "forced to resist the continual sexual advances of Defendant Baird". (Plaintiff's Complaint, ECF No. 1, PageID.10). She ultimately decided to resign from her position as manager of the swim team in order to get away from the alleged sexual harassment.

The allegations leave no doubt that Plaintiff knew or should have known of the act(s) that gave rise to her claims. As such, Plaintiff had a "complete and present cause of action" (i.e., her claims accrued) by no later than early 2010, and the alleged sexual harassment that occurred before that date is subject to a three-year statute of limitations. *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014).

### 2.  Accrual for Plaintiff's State-Law Claims

By comparison, Plaintiffs' state claims, which are governed by Michigan's accrual rules, rely solely on the standard rule of accrual. The Michigan Supreme Court has explicitly disavowed the discovery rule. As addressed *supra,* Michigan's general three-year statute of limitations for personal injury claims covers Plaintiff's gross negligence, intentional infliction of emotional distress, ELCRA, and Child Protection Law claims.  *See* MCL 600.5805(2).  Plaintiff's assault and battery claims are subject to a two-year statute of limitations.  *See* MCL 600.5805(3).

Claim accrual is governed by statute in Michigan. For the general personal injury statute of limitations, claim accrual is governed by MCL 600.5827:

> [T]he claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

See, e.g., *Garg v. Macomb Cnty. Cmty. Health Servs.*, 472 Mich. 263; 696 N.W.2d 646, 657 (2005) (applying MCL 600.5827 to ELCRA claims); *Stephens v. Worden Ins. Agency, LLC*, 307 Mich. App. 220, 235; 859 N.W.2d 723 (2014) (citing MCL 600.5827 as the accrual standard for negligence claims). Under Michigan's accrual statute, "[t]he wrong is done," and a claim accrues, "when the plaintiff is harmed." *Henry v. Dow Chem. Co.*, 501 Mich. 965; 905 N.W.2d 601 (2018).  In *Trentadue v. Buckler Lawn Sprinkler*, 479 Mich. 378, 391-392; 738 N.W.2d 664, (2007), the Michigan Supreme Court explicitly rejected the discovery rule for claims covered by the general personal injury statute of limitations: "[W]e conclude that courts may not employ an extrastatutory discovery rule to toll accrual in avoidance of the plain language of MCL 600.5827 . . . ."  *See also Frank v. Linkner*, 500 Mich. 133, 147; 894 N.W.2d 574 (2017) (quotations removed) ("[C]ourts may not employ an extrastatutory discovery rule to toll accrual.").

> Once all of the elements of an action for personal injury, including the element of damage, are present, the claim accrues and the statute of limitations begins to run. Later damages may result, but they give rise to no new cause of action, nor does not statute of limitations begin to run anew as each item of damage is incurred.

11

*Connelly v. Paul Ruddy's Equip. Repair & Serv. Co.*, 388 Mich. 146, 151; 200 N.W.2d 70 (1972).

In the absence of the discovery rule, Plaintiff's state-law claims are undoubtedly time-barred. The claims accrued when "the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. Accordingly, the statutes of limitations on Plaintiff's claims against Defendant Baird began to run at the time that she experienced allegedly inappropriate conduct attributed to Defendant Baird. This conduct occurred, according to Plaintiff, during the time she was in high school and before Defendant Baird concluded his employment in March, 2010.  As such, the latest the state law claims could have accrued was March, 2010.

### C. Michigan's Criminal Sexual Conduct Statute of Limitations Does Not Save Plaintiff's Claims.

In 2018, Michigan adopted an extended statute of limitations for cases involving criminal sexual conduct. MCL 600.5851b(1) provides:

> (1) Notwithstanding sections 5805 and 5851, an individual who, while a minor, is the victim of criminal sexual conduct may commence an action to recover damages sustained because of the criminal sexual conduct at any time before whichever of the following is later:
> (a) The individual reaches the age of 28 years.
> (b) Three years after the date the individual discovers, or through the exercise of reasonable diligence should have discovered, both the individual's injury and the causal relationship between the injury and the criminal sexual conduct.

First, MCL 600.5851b does not apply to Plaintiff's federal claims. Section 1983 claims are governed by Michigan's general three-year statute of limitations applicable to personal injury actions.  *See, e.g.*, *Conlin v. Blanchard*, 890 F.2d 811, 815 (6th Cir.1989); *Dabish v. McMahon*, 818 Fed. Appx. 423, 427 (6th Cir.2020).  Even though Michigan may have enacted a more specific statute of limitation for sexual abuse claims, the analysis is not altered. The Supreme Court has held (and the Sixth Circuit has followed suit) that the statute of limitations for § 1983 claims "is the general or residual statue for personal injury actions" even where state law provides a more

12

specific personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 250, 109 S. Ct.573

(1989); *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir.1989).

This exact conclusion has already been reached by this Court's brethren in the Eastern

District. Judge Cleland, in the United State District Court for the Eastern District of Michigan,

previously had the opportunity to analyze the impact of MCL 600.5851b on a plaintiff's federal

claims.  In *Forrester v. Clarenceville School District*, 537 F.Supp.3d 944 (E.D. Mich.2021), Judge

Cleland, in dismissing the plaintiffs' claims on a pre-answer motion, reasoned:

> Michigan's criminal sexual assault statutes of limitations do not apply to
> Plaintiffs' federal claims. The Supreme Court in *Wilson v. Garcia* explicitly
> rejected the argument that statutes of limitations for federal civil rights claims
> are derived from the "analogous cause of action under state law." 471 U.S. 261,
> 271, 105 S. Ct. 1938, 85 L.Ed.2d 254 (1985). As explained above, it is well
> established that in § 1983 actions, courts must "borrow the general or residual
> statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250, 109 S.
> Ct. 573, 102 L.Ed.2d 594 (1989); *accord Cooey*, 479 F.3d at 416. The same
> statute of limitations rules that apply to § 1983 claims also govern Title IX
> claims. *See Lillard*, 76 F.3d at 729 (holding that courts must apply "the state
> personal injury limitations period" to Title IX claims); *Dibbern*, 2016 WL
> 2894491, at *18 (using the same statute of limitations analysis for § 1983 and
> Title IX claims). In Michigan, it is well established that the general three-year
> statute of limitations for personal injury actions applies to federal civil rights
> claims. *Wolfe*, 412 F.3d at 714; *accord Garza*, 972 F.3d at 867 n.8. Michigan's
> specific statute of limitations for cases of criminal sexual assault do not apply to
> Plaintiffs' federal claims. Thus, the federal claims are barred to the extent they
> accrued prior to October 7, 2017, three years prior to when the complaint was
> filed.

*Forrester*, 537 F.Supp.3d at 959.

Plaintiff's federal claims are subject to Michigan's general three-year statute of limitations.

The adoption of MCL 600.5851b does not alter this analysis. As such, Plaintiff's federal claims

against Defendant Baird are still time-barred as discussed *supra*.

Moreover, MCL 600.5851b does not save Plaintiff's state-law claims.  Michigan law does

not support the conclusion that MCL 600.5851b would apply retroactively.  Under Michigan law,

statutes of limitation "operate **_prospectively only_** unless the legislation clearly manifests an intent to the contrary" in "clear, direct, and unequivocal language." *Davis v. State Employees' Ret. Bd.*, 272 Mich. App. 151, 155-156, 161; 725 N.W.2d 56 (2006) (emphasis added).

The plain language of the statute does not support retroactive application. MCL 600.5851b, which amended MCL 600.5805, makes clear that it was not intended to generally apply retroactively. Section 5851b does not contain a clear and unequivocal statement to suggest that the Legislature intended that it would broadly apply retroactively to otherwise time-barred claims. Indeed, quite the opposite is true.

In addition to amending MCL 600.5805, MCL 600.5851b(3) also explicitly allowed for retroactive application in limited circumstances in which "an individual who, while a minor, was the victim of criminal sexual conduct after December 31, 1996 but before 2 years before the effective date of the amendatory act that added this section may commence an action to recover damages sustained because of the criminal sexual conduct…" MCL 600.5851b(3). MCL 600.5851b(3) allows such individuals with otherwise time-barred claims to bring an action "within 90 days after the effective date of the amendatory act that added this section if the person alleged to have committed the criminal sexual conduct was convicted of criminal sexual conduct against any person under section 520b of the Michigan penal code, 1931 PA 328, MCL 750.520b,…" and the defendant admitted to certain elements of the crime. MCL 600.5851b(3).

Here, Plaintiff's Complaint does not allege that Defendant Baird was ever convicted of criminal sexual conduct against any person. Moreover, Plaintiff did not file a claim within 90 days of June 12, 2018 – the effective date of the amendment in order to fall within the limited retroactive application of MCL 600.5851b. Accordingly, MCL 600.5851b does not apply to Plaintiff's claims.

14

In response to co-defendants' motion to dismiss, Plaintiff points the Court to the Michigan Supreme Court's decision in *LaFontaine Saline Inc. v. Chrysler Group LLC*, 496 Mich. 26; 852 N.W.2d 78 (2014). In *LaFontaine*, the Michigan Supreme Court noted four factors Michigan courts consider when determining whether a statute should be applied retroactively:

> Retroactive application of legislation " '**presents problems of unfairness ... because it can deprive citizens of legitimate expectations and upset settled transactions**.' " We have therefore required that the Legislature make its intentions clear when it seeks to pass a law with retroactive effect. In determining whether a law has retroactive effect, we keep four principles in mind. First, we consider whether there is specific language providing for retroactive application. Second, in some situations, a statute is not regarded as operating retroactively merely because it relates to an antecedent event. Third, in determining retroactivity, we must keep in mind that retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past. Finally, a remedial or procedural act not affecting vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute.

*Id.* at 38-39 (internal citations omitted) (emphasis added). Similar to the review of the plain language of the statute *supra*, the *LaFontaine* factors do not favor retroactive application of MCL 600.5851b.

The first *LaFontaine* factor does not support retroactive application. In response to co-defendants' motion, Plaintiff asserts that the plain language of Section 5851b(1) supports retroactive application. The statute's language does not go that far. Again MCL 600.5851b(1) provides:

> (1) Notwithstanding sections 5805 and 5851, an individual who, while a minor, is the victim of criminal sexual conduct may commence an action to recover damages sustained because of the criminal sexual conduct at any time before whichever of the following is later:
>
> (a) The individual reaches the age of 28 years.
>
> (b) Three years after the date the individual discovers, or through the exercise of reasonable diligence should have discovered, both the individual's injury and the causal relationship between the injury and the criminal sexual conduct.

Plaintiff contends that because the statute notes a prospective plaintiff can bring a claim "at any time" before (a) or (b) is true, the statute is both retrospective and prospective in nature. This is incorrect. The statute makes no reference to retrospective application to claims that accrued prior to the enactment of the statute.

In fact, a reading of the entire statute supports Defendant Baird's position that the provision upon which Plaintiff relies is not retroactive in nature. Plaintiff ignores the second half of MCL 600.5851b, which provides for a very limited retroactive scheme – one that Plaintiff plainly does not fit under.  Section 5851b(3) provides:

> Regardless of any period of limitation under subsection (1) or sections 5805 or 5851, an individual who, while a minor, was the victim of criminal sexual conduct after December 31, 1996 but before 2 years before the effective date of the amendatory act that added this section may commence an action to recover damages sustained because of the criminal sexual conduct within 90 days after the effective date of the amendatory act that added this section if the person alleged to have committed the criminal sexual conduct was convicted of criminal sexual conduct against any person under section 520b of the Michigan penal code, 1931 PA 328, MCL 750.520b, and the defendant admitted either of the following:
>
> (a) That the defendant was in a position of authority over the victim as the victim's physician and used that authority to coerce the victim to submit.
>
> (b) That the defendant engaged in purported medical treatment or examination of the victim in a manner that is, or for purposes that are, medically recognized as unethical or unacceptable.

MCL 600.5851b was enacted in the wake of the unveiling of Larry Nasser's disgusting conduct.  Emily Lawler, *Nassar-Inspired Laws Give Childhood Sexual Assault Victims More Time to Come Forward*, MLive, June 12, 2018, https://www.mlive.com/news/2018/06/nassar-inspired_laws_give_chil.html. Section 5851b(3) was narrowly tailored to retroactively give the victims of Larry Nasser a very limited window to file suit. The Michigan Legislature, in enacting this provision, obviously knew how to make the entire statute retroactive in nature. It did not

choose to do so.  As to the first *LaFontaine* factor, there is specific language that creates retroactive application, but that retroactivity explicitly does not apply to the facts of this case.

Plaintiff contends the second *LaFontaine* factor is not applicable.

The third *LaFontaine* factor does not support retroactive application. Again, the Michigan Supreme Court noted, the third factor is that "retroactive laws impair vested rights acquired under existing laws or create new obligations or duties with respect to transactions or considerations already past." *LaFontaine*, 496 Mich. at 39.

Plaintiff asserts that Defendant Baird has no vested right that would be impaired by retroactive application. This argument, however, ignores the second half of the factor. The Court also cautioned regarding retroactive application that "create[s] new obligations or duties with respect to transactions or considerations already past." This is the entire point of statutes of limitations.  As eloquently expressed by the Supreme Court above:

> Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them."

*Burnett*, 380 U.S. at 428 (citation omitted).  Retroactive application would create new obligations that had already expired. If the Legislature meant for there to be more robust retroactivity, it could have acted.  But it did not.

This ultimately feeds into the fourth *LaFontaine* factor: "a remedial or procedural act not affected vested rights may be given retroactive effect where the injury or claim is antecedent to the enactment of the statute." Plaintiff asserts that MCL 600.5851b was enacted to be remedial in nature. Therefore, according to Plaintiff, it must be retroactive. Again, the Legislature intended for

Section 5851b to be limited in its retroactive scope. The Legislative branch spoke on this issue and, in doing so, gave for the victims of Larry Nasser, whose claims had already expired, a very limited window to file suit.

Taking the *LaFontaine* factors together, the Michigan Legislature did not intend for MCL 600.5851b to be retroactive in nature beyond the limited carve out in Section 5851b(3).  Plaintiff's claims are barred.

## V.      CONCLUSION AND RELIEF REQUESTED

For the reasons summarized above, Defendant James Baird respectfully requests that this Honorable Court grant his motion, and enter an Order of Dismissal dismissing Plaintiff's claims in their entirety as they are beyond the statute of limitations.

McGRAW MORRIS, P.C.
Attorneys for Defendant James Baird

Dated:  December 16, 2022          BY:      s/       *Bogomir Rajsic, III*
Craig R. Noland (P30717)
Bogomir Rajsic, III (P79191)
300 Ottawa Avenue, NW, Ste. 820
Grand Rapids, MI  49503
(616) 288-3700
cnoland@mcgrawmorris.com
brajsic@mcgrawmorris.com

18